UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| Kermanshahi,<br><br>                    Plaintiff(s),<br><br>          v.<br><br>Amazon Web Services, Inc.,<br><br>                    Defendant(s). | |

26-CV-3534 (DEH)

<u>ORDER</u>

DALE E. HO, United States District Judge:

On May 13, 2026, Plaintiff filed an emergency motion for preliminary injunction[1] in this action, removed from state court, alleging Defendant failed to accommodate him under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL").[2] On May 14, 2026, this Court issued a briefing schedule for that motion.[3] On May 20, 2026, Plaintiff moved for expedited discovery in support of his motion for preliminary injunction.[4] Defendant opposes.[5] For the reasons stated herein, the motion for expedited discovery is **DENIED**.

"Courts in this district have applied a flexible standard of reasonableness and good cause in determining whether to grant a party's expedited discovery request."[6] Reasonableness "requires the party seeking the discovery to prove that the requests are reasonable under the circumstances[,]" and good cause is found "when the need for expedited discovery, in

---

[1] ECF No. 25.

[2] ECF No. 1-1.

[3] ECF No. 29.

[4] ECF No. 40.

[5] ECF No. 42.

[6] *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012).

consideration of the administration of justice, outweighs the prejudice to the responding party."[7] In other cases, courts in this district have also utilized a four-factor test that considers "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted."[8]

However, "employing a preliminary-injunction type analysis to determine entitlement to expedited discovery[,]" as the first and second factors of this test do, "makes little sense, especially when applied to a request to expedite discovery in order to prepare for a preliminary injunction hearing"[9]  The third and fourth factors, on the other hand "focus the analysis on the good cause aspect[,]" and "[t]he reasonableness analysis considers the practical implications of the request— for example, . . . whether the requested discovery will indeed assuage the movant's desire to limit harm that delay might cause."[10]  Thus, the Court evaluates the request here by looking at the connection between the requested discovery and the avoidance of irreparable injury, evidence of injury to Plaintiff absent the requested discovery, evidence of injury to Defendant should expedited discovery be granted, and the practical implications of granting the expedited discovery motion.

Plaintiff seeks four categories of discovery: (1) "Last Working Day Audit Trial and Ticket Coding" to show that Defendant has classified him as "not working," and "that this classification is an active, system-level barrier that is currently being utilized" to "justify an ongoing refusal to

---

[7] *N. Atl. Operating Co., Inc. v. Evergreen Distribs., LLC*, 293 F.R.D. 363, 367 (E.D.N.Y. 2013) (cleaned up).

[8] *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982).

[9] *New York v. Mountain Tobacco Co.*, 953 F. Supp. 2d 385, 392 (E.D.N.Y. 2013).

[10] *Evergreen Distribs.*, 293 F.R.D. at 368.

engage in the NYCHRL-mandated cooperative dialogue";[11] (2) "Case 13132448 Intake Data & Timecard Logs" to "preserve" "the accurate, medically restricted status quo," without which "Plaintiff's ability to demonstrate the actual mechanics of the ongoing harm" will be "severely prejudiced";[12] (3) "Case Merger Logs" "to demonstrate . . . the structural routing" of "Plaintiff's live accommodation requests into a dormant or closed file," in a manner such that Defendant "is actively running out the clock on Plaintiff's statutory rights" under the NYCHRL;[13] and (4) "Targeted Operational Communications from April 15-30" "to demonstrate . . . the exact . . . timeline of the administrative lockout," without which "Plaintiff is severely prejudiced in his ability to demonstrate to the Court . . . how his active employment status is being administratively obstructed to run out the clock on his statutory rights."[14]

Plaintiff's first, third, and fourth categories of requested discovery are seemingly sought to help establish imminent harm. Plaintiff does not, however, explain how the requested discovery is required to make that showing. For example, and as Defendant notes with respect to Plaintiff's first category of requested discovery, Plaintiff "does not . . . explain whether or how the 'mechanics' of how his 'last working date' is noted in internal Company records somehow creates any irreparable harm."[15] In other words, Plaintiff has not demonstrated that, absent this information, he will be unable to show (or even be hampered in showing) irreparable injury. Further, Plaintiff has made no showing that this information or data will be destroyed or unable to be discovered for some other reason during the normal course of litigation.

---

[11] ECF No. 40 at 2

[12] *Id.*

[13] *Id.* at 2-3.

[14] *Id.* at 3.

[15] ECF No. 42 at 2.

Plaintiff's second category of requested documents seeks to preserve evidence. But both parties "ha[ve] a duty to retain evidence that it knows or reasonably should know may be relevant to pending or future litigation."[16] Plaintiff has not shown that this discovery obligation is insufficient to preserve the evidence he seeks.

In sum, nothing in Plaintiff's motion shows that there is a connection between the requested expedited discovery and the avoidance of irreparable injury, and Plaintiff has not shown he will experience some other injury absent expedited discovery. Moreover, discovery, especially on an expedited basis, can require significant time and expense. Balancing these practical realities against Plaintiff's failure to show good cause, the Court finds that granting expedited discovery for the purposes of the motion for preliminary injunction would be unreasonable.

For these reasons, Plaintiff's motion for expedited discovery is **DENIED**. The Clerk of Court is respectfully directed to terminate ECF No. 40.

SO ORDERED.

Dated: May 22, 2026
     New York, New York

                                      DALE E. HO
                            United States District Judge

---

[16] *Barsoum v. New York City Hous. Auth.*, 202 F.R.D. 396, 400 (S.D.N.Y. 2001).