UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X
                                                 :

BABACK KERMANSHAHI,                    :

                              :

                 Plaintiff,               :

                              :           26-CV-03534 (JAV)

          -v-                          :

                              :               <u>ORDER</u>

                              :

AMAZON WEB SERVICES, INC.,         :

                              :

               Defendant.          :

                              :

------------------------------------------------------------------------ X

JEANNETTE A. VARGAS, United States District Judge:

On May 20, 2026, Plaintiff moved for expedited discovery in supporting of his motion for a preliminary injunction, arguing that expedited discovery was required to establish irreparable harm and preserve evidence.  ECF No. 40 at 1-3.  On May 22, 2026, the Court denied Plaintiff's motion for expedited discovery.  ECF No. 51 ("Order" or "Ord.").  On May 23, 2026, Plaintiff moved the Court to reconsider the Order, arguing that his reply brief and supplemental declaration cured the deficiencies identified in the Order.  ECF No. 55 ("Motion" or "Mot.").  As Plaintiff presents no valid grounds for reconsideration, the Motion is **DENIED**.

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F.Supp. 2d 613, 614 (S.D.N.Y. 2000) (cleaned up).  "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (cleaned up).  A motion for reconsideration is "not a vehicle for relitigating old issues,

presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up).  The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Id.* (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)) (quotation marks omitted).

Plaintiff does not identify any change of controlling law, need to correct a clear error, or manifest injustice.  Plaintiff primarily argues that Judge Ho did not have the benefit of his reply while ruling, Mot. at 1-2, yet Judge Ho's individual rules do not permit reply papers for letter motions concerning discovery disputes.  While Plaintiff also points to "Exhibit PX-27"—which he describes as "an internal HR system ticket dated March 19, 2026"—as constituting new evidence warranting reconsideration, Mot. at 2, Plaintiff has not attached that exhibit to the Motion, nor does Plaintiff appear to have submitted it elsewhere on the docket.  Regardless, even accepting as true all of Plaintiff's descriptions of Exhibit PX-27, *see* ECF Nos. 52, 54, this new evidence does not merit granting the Motion.  As previously noted, both parties are already under an obligation to preserve evidence, Ord. at 4, and Plaintiff still fails to explain why expedited discovery is necessary to establish irreparable harm, *see* Mot.; ECF No. 54.

Accordingly, the Motion is **DENIED**.  The Clerk of Court is directed to terminate ECF No. 55.

SO ORDERED.

Dated: June 9, 2026
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

2