UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                  :

BABACK KERMANSHAHI,                  :

                  Plaintiff,          :

                       :          26-CV-03534 (JAV)

       -v-                :

                       :          <u>ORDER</u>

                       :

AMAZON WEB SERVICES, INC.,       :

                       :

               Defendant.      :

                       :
------------------------------------------------------------------------ X

JEANNETTE A. VARGAS, United States District Judge:

On May 13, 2026, Plaintiff Baback Kermanshahi ("Plaintiff") filed a motion to hold Defendant Amazon Web Services, Inc. ("Defendant") in civil contempt and to enforce the Supreme Court of the State of New York's (the "State Court") Temporary Restraining Order ("TRO"). ECF No. 45 (the "Motion"). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Plaintiff was an employee of Defendant. On January 28, 2026, Amazon announced a corporate reduction in force ("RIF"), which eliminated Plaintiff's position. See ECF No. 27, ¶ 5. Employees affected by the RIF were provided with a 90-day notification period, which was set to expire on April 28, 2026. ECF No. 48, ¶ 8. Plaintiff filed this suit for employment discrimination in violation of the New York State Human Rights Law and the New York City Human Rights Law in the State Court on April 16, 2026. ECF No. 1-1. On April 17, 2026, the State Court enjoined Defendant "from effectuating the termination or separation of Plaintiff's employment scheduled for April 28, 2026, and shall maintain Plaintiff's active employment status." ECF No. 4-4 at 2.

On April 29, 2026, this matter was removed to federal court.  ECF No. 1.  The TRO lapsed on May 13, 2026.  ECF No. 4-4.  Judge Ho denied a motion to extend the terms of the TRO, holding that Plaintiff failed to demonstrate irreparable harm.  ECF No. 19.

## DISCUSSION

"A contempt order is warranted only where the moving party establishes by clear and convincing evidence that the alleged contemnor violated the . . . court's edict." *King v. Allied Vision, LTD.*, 65 F.3d 1051, 1058 (2d Cir. 1995) (citation omitted).  "More specifically, a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Id.* (citation omitted).  "[C]ourts should not resort to civil contempt where there is fair ground of doubt as to the wrongfulness of the defendant's conduct." *Id.* (citation omitted).

Plaintiff alleges that Defendant violated the TRO by making several alterations to Plaintiff's employment status, including placing Plaintiff on an intermittent leave of absence and backdating Plaintiff's last working day.  ECF No. 47 at 9, 13.  He also complains that Defendant paid him as a full-time employee during the time period, even though prior to the RIF, he was approved for a medical accommodation of a 20-hour work week.  *Id.* at 11.  Yet none of these allegations show that Defendant violated the TRO, as it is undisputed that Plaintiff remained an employee of Defendant during the relevant period.  *See* ECF No. 45-5 at 18.  Indeed, during the Court's June 9, 2026 evidentiary hearing on Plaintiff's motion for a preliminary injunction, Plaintiff confirmed he was still employed by Defendant as of that time.  Plaintiff's Motion thus fails because Defendant complied with the TRO's directive not to "effectuat[e] the termination or separation of Plaintiff's employment scheduled for April 28, 2026" and to "maintain

Plaintiff's active employment status." ECF No. 4-4 at 2.  Since the TRO is limited in scope to prohibiting the termination of Plaintiff's employment, *see id.*, Defendant did not violate the TRO.

Accordingly, the Motion is **DENIED**.  Plaintiff's letter motion requesting leave to file a supplemental memorandum to narrow the scope of the Motion, ECF No. 86, is therefore moot and **DENIED**.

SO ORDERED.

Dated:  June 22, 2026
      New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge