Morgan Lewis

**Abigail V. Greene**
212.309.6355
abigail.greene@morganlewis.com

October 22, 2026

**VIA ECF**

Judge Jeanette A. Vargas
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** ***Kermanshahi v. Amazon Web Services, Inc.*, Case No. 1:26-cv-03534**

Your Honor:

We represent Defendant Amazon Web Services, Inc. ("Defendant," "Amazon," or "AWS") and write, pursuant to Rule 37.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and Rule 6.B.ii of Your Honor's Individual Rules and Practices, seeking an order compelling Plaintiff Baback Kermanshahi ("Plaintiff") to produce (1) documents withheld on the basis of purported "privilege," including as it relates to his use of artificial intelligence; (2) healthcare records and signed authorizations allowing Defendant's attorneys to obtain Plaintiff's healthcare records from his healthcare providers; and (3) the identities of his alleged comparators.[1]

Defendant served its First Requests for Production of Documents and First Set of Interrogatories (Defendant's "Discovery Requests") on Plaintiff on June 30, 2026. Plaintiff served his responses and objections on August 8, 2026. Plaintiff initially produced no documents in connection with his discovery responses but instead referred to the documents filed on the docket as exhibits. *See* Dkt. 92-1. Defendant served a deficiency letter on Plaintiff on September 15, 2026. On September 16, 2026, Plaintiff produced the documents previously filed as exhibits with the Court. Plaintiff's production to date consists solely of these documents. The Parties met regarding the discovery issues subject to the instant application on September 18, 2026, at 10 am, and again on October 9, 2026, at 10 am, for approximately half an hour each time. Plaintiff and Defendant's counsel, Abigail V. Greene, attended both conferrals. Melissa C. Rodriguez additionally attended on behalf of Defendant on October 9. Defense counsel informed Plaintiff during the October 9 conferral that it believed the Parties to be at an impasse and that Defendant would be requesting relief from the Court.

---

[1] Pursuant to Fed. R. Civ. P. 26(b)(1), Defendant's discovery requests are relevant to the claims and defenses in this action and proportional to the needs of the case. The benefit of Defendant's proposed discovery greatly outweighs any burden to Plaintiff.

Despite the parties' good faith meet and confer efforts, the parties have not reached agreement with respect to the following items:

**1. "Privilege" Objections**

In his responses and objections to Defendant's Discovery Requests, Plaintiff repeatedly asserts inappropriate claims of privilege.[2] Because he is proceeding *pro se* and is not an attorney, Plaintiff's privilege claims are inapplicable. See *Lyman v. Felter*, 2015 WL 1415270, at *3 (N.D.N.Y. Mar. 26, 2015) (explaining that the *pro se* plaintiff "interjected eleven general and lengthy objections [to discovery requests], including privileges that obviously are not applicable in this case," including "the attorney-client privilege and attorney's work product doctrine, even though he is not represented by an attorney. He interjected the investigative privilege and other like privileges, when no such privileges exist.").[3]

In particular, Defendant's Discovery Requests – including Document Requests No. 9-10 – seek information, *inter alia,* regarding Plaintiff's use of artificial intelligence ("AI") in connection with this action, to which he objects on the grounds of purported "privilege." Contrary to Plaintiff's contentions, information, inputs, prompts, outputs, and other documents entered by a *pro se* plaintiff into an AI platform are not privileged. *United States v. Heppner*, 820 F.Supp.3d 292 (S.D.N.Y. 2026). In *Heppner,* the Court reasoned that AI inputs are not communications with an attorney, are not made for the purpose of obtaining legal advice, and cannot be considered kept in confidence after having been shared with the AI platform. This reasoning applies to Plaintiff's AI use, especially given his representation in response to Defendant's interrogatories that he has used AI "strictly as a drafting, grammatical, and organizational utility" (i.e., not for the purposes of

---

[2] Plaintiff produced a privilege log on September 16, 2026. This log, however, is based entirely on Plaintiff's inapplicable *pro se* privilege claims and, therefore, does not cure Plaintiff's production deficiencies. Furthermore, the privilege log only identifies broad categories of documents, and is, as a result, insufficiently specific to meet the requirements of Fed. R. Civ. P. 26(b)(5)(A)(ii). *See S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 167 (S.D.N.Y. 2014) (holding that, where a party fails to promptly provide a privilege log with "specific information" sufficient for the opposing party to assess the validity of privilege claims, any claims of privilege are waived); *Wultz v. Bank of China Ltd.*, 979 F. Supp. 2d 479, 496 (S.D.N.Y. 2013) (same).

[3] *See also Kilman v. Brown*, No. 19-01419, 2019 WL 8723240, at *3 (D. Colo. Oct. 22, 2019), *report and recommendation adopted*, No. 19-01419, 2020 WL 1061000 (D. Colo. Mar. 5, 2020), *aff'd*, 833 F. App'x 474 (10th Cir. 2021) ("I could find no precedent for the proposition that a *pro se* litigant is entitled to the same confidential communications under the attorney-client privilege to which a represented party would be. The privilege only applies to, as the name suggests, an attorney-client relationship, and Plaintiff proceeds in this matter as a pro se litigant." (internal citation omitted)); *Nyanjom v. Hawker Beechcraft, Inc.*, No. 12-1461, 2014 WL 2135997, at *2 (D. Kan. May 22, 2014) (holding "there is no '*pro se* litigant,' privilege as asserted by Plaintiff"); *Meister v. Lee Cnty. Sheriff's Off.*, No. 06-44434, 2008 WL 11337738, at *2 (M.D. Fla. Mar. 10, 2008) (holding "there is no *pro se*/attorney-client privilege for *pro se* Plaintiffs. [… A]ttorney-client privilege is only between a client and his attorney. In the case of a *pro se* party there are no communications with counsel to be protected.").

obtaining legal advice). Defendant, therefore, respectfully requests that this Court compel Plaintiff to produce documents withheld on the basis of any purported privilege, including as it relates to his AI use.

**2. Healthcare Records and Authorization for Release of Healthcare Records**

Defendant's discovery requests seek Plaintiff's healthcare records in his possession and a release allowing Defendant to obtain Plaintiff's medical records from his healthcare providers for the period April 17, 2023 (three years before Plaintiff's Complaint was filed, based on the statute of limitations period for Plaintiff's claims, *see* Dkt. 1), to the present. Plaintiff has only produced partial, redacted versions of his medical records and has not provided an explanation for his redactions. Plaintiff's complete healthcare records going back to 2023 are central to his allegations of failure to accommodate and disability discrimination in his First Amended Complaint. For example, Plaintiff alleges that he suffers from "Long COVID" (Dkt. 92, ¶ 6) but does not provide any context for when he contracted COVID or allegedly first began experiencing purported cognitive symptoms as a result. Furthermore, Plaintiff's allegation that "[t]he actions of Manager David Milam, Manager Steve Brodie, and HR Partner Kathryn Dube exacerbated his documented disabilities[, …] manifest[ing] in profound organic cognitive deficits, neurological exhaustion, and systemic physical fatigue" (*id.*, ¶ 33) also makes it imperative to establish the timeline of his disability progression.

Plaintiff's medical records are relevant to his progression from being able to work without accommodation at the beginning of his employment with Amazon in 2021, to his multiple requests for various accommodations once his performance management process began in August 2024 and continued in 2025, to being purportedly "permanently and totally disabled from all competitive employment as of July 2026" in under three years. *Id.*, ¶ 16. Plaintiff additionally alleges that he has suffered "severe emotional distress caused by Defendant's continuous failure to accommodate and retaliatory actions." *Id.*, ¶ 104. Plaintiff must produce the documents sought by Defendant's discovery requests to show that he is disabled and that he suffered severe emotional distress damages as a result of Defendant's alleged conduct.

Plaintiff objects to these requests on the basis that the documents sought are not relevant and on the basis of the psychotherapist-patient privilege. Plaintiff, however, has made his disability and emotional distress central to his claims. *See Belvin v. Electchester Mgmt., LLC*, 635 F. Supp. 3d 190, 198 (E.D.N.Y. 2022) (finding the psychotherapist-patient privilege had been waived where plaintiff put his mental health at issue by claiming emotional distress damages, holding: "the psychotherapist-patient privilege may be waived, and such waiver may be express or implied, including by bringing a claim that places the plaintiff's mental health at issue"). This Court should, therefore, compel Plaintiff to produce his healthcare records and signed healthcare records releases to allow Defendant to obtain his healthcare records from his providers.

**3. Alleged Comparators**

Defendant's Interrogatories ask Plaintiff to "[i]dentify any employees in comparable or similar situations who [he] believe[s] were treated in a different manner than [he was] treated during [his] employment with Defendant." In his response, Plaintiff merely refers to groups of people impacted by the January 2026 reduction in force ("RIF"). As Plaintiff is aware, the RIF impacted over 1,600

employees across Amazon. Defendant has no way of knowing, based on Plaintiff's response, who among those individuals he would consider a comparator. *See* Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath"); Fed. R. Civ. P. 37(a)(4) ("an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond"). It is Plaintiff's burden not only to identify people who he claims were similarly situated to him yet treated differently for allegedly discriminatory/retaliatory reasons but to establish that employees outside of his protected group received preferential treatment. *See Ferraro v. New York City Dep't of Educ.*, 404 F. Supp. 3d 691, 712 (E.D.N.Y. 2017), *aff'd*, 752 F. App'x 70 (2d Cir. 2018) (granting summary judgment where plaintiff failed to identify comparators, noting: "The record is devoid of evidence demonstrating that any individuals outside of Plaintiff's protected class were similarly situated to him. Without such support, Plaintiff cannot demonstrate an inference of discrimination and therefore cannot make out a prima facie case of disability discrimination."). Plaintiff should be compelled to identify any employees he contends were in a comparable situation but received preferential treatment.

Defendant appreciates Your Honor's consideration of this matter and remains available, should you have any questions.

Sincerely,

*/s/ Abigail V. Greene*
Abigail V. Greene

CC: Baback Kermanshahi
Melissa C. Rodriguez

This discovery dispute falls within the scope of my reference and will be addressed at the previously scheduled telephonic conference, which will be held on October 23, 2026 at 12:00 PM.

Dated: October 22, 2026
New York, NY

SO ORDERED

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE