**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BABACK KERMANSHAHI a/k/a/ BOB KERMANSHAHI,<br>Plaintiff,<br>-against-<br>AMAZON WEB SERVICES, INC.,<br>Defendant. | Civil Action No. 1:26-cv-03534-JAV-RFT |

# CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. A party may designate any document or information, in whole or in part, as confidential if the party determines, in good faith, that such designation is necessary to protect its interests in information that is proprietary, a trade secret, non-public personnel information, medical/healthcare information, or otherwise sensitive, non-public information ("Confidential Information"). Confidential Information shall not include information that is lawfully already in the public domain. Communications or emails must individually satisfy the standards set forth herein to be designated as Confidential Information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, the parties shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court and the designating party shall bear the burden of establishing the need to maintain confidentiality under Federal Rule of Civil Procedure 26(c). Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a. The requesting party (including a party proceeding pro se) and counsel, including in-house counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Any witness who a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed the non-disclosure agreement annexed as Exhibit A hereto;

d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by a party; and

e. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

f. Notwithstanding the general access provisions for Confidential Information, any clinical psychiatric treatment notes, psychotherapist logs, and complex neurological or diagnostic evaluations (e.g., CPET records) produced by Plaintiff that were not previously disclosed to Defendant prior

to this litigation shall be restricted exclusively to Defendant's legal counsel (external and internal, as well as their legal support staff) and designated expert witnesses. Such specialized medical and psychiatric materials shall not be disclosed to, circulated among, or accessed by any non-legal employee of Defendant without Plaintiff's prior written consent or an Order of the Court.

5. Prior to disclosing or displaying the Confidential Information to any person described in Paragraph 4(c) or 4(d), the party must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure,

confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Pursuant to the Court's October 23, 2026 Order, Defendant may redact the names of nonparty employees and confidential or proprietary information.

9. A receiving party may not submit any Confidential Information, any portions thereof, or summaries of produced Confidential documents to, or use for training of, any generative artificial intelligence, large language model, or other similar technology. Plaintiff has disclosed his use of Google Gemini Enterprise.[1] Defendant has agreed to Plaintiff's use of Google Gemini Enterprise in relation to Confidential documents produced in this action, provided it is configured to ensure that submitted data is not used for training or product improvement or otherwise through any functionality shared externally. Defendant may also use enterprise-grade artificial intelligence tools in connection in relation to Confidential

[1] Plaintiff previously filed Declarations Regarding Use of Generative Artificial Intelligence with each motion stating he is using Google Gemini Enterprise *See* Dkt. 28, attached hereto as **Exhibit B**. Plaintiff has represented to Defendant that the only artificial intelligence tool he is using and will be using is Google Gemini Enterprise.

documents produced in this action. Defendant represents that the tools are configured so as to ensure that submitted data is not used for training or product improvement or otherwise through any functionality shared externally.

10. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the parties shall strictly comply with Hon. Jeannette A. Vargas's Individual Rules and Practices in Civil Pro Se Cases (explicitly including the provisions on redactions in Rules 2(D) and 2(E)), or Hon. Robyn F. Tarnofsky's Individual Practices, depending on the judge before whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions.

11. Each person who has access to Confidential Information shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. Confidential Information must be stored and maintained by the Parties at a location in the United States (expressly excluding the automated backend routing or redundancy protocols utilized by secure commercial cloud service providers such as Amazon, Google, Microsoft, & Oracle) and in a secure manner that ensures that access is limited to the persons authorized under this Order.

12. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 90 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed. The party destroying the documents must provide a written certification of destruction to the producing party upon request. Notwithstanding this provision, pursuant to the Court's October 23, 2026 Order, Plaintiff, Defendant, and outside counsel for Defendant

may retain copies of publicly filed documents, including those attaching Confidential Information.

13. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

**SO STIPULATED AND AGREED.**

**Dated:** November 1, 2026

New York, NY

/s/ Baback Kermanshahi

Baback Kermanshahi

*Plaintiff Pro Se*

*/s/ Melissa C. Rodriguez*

Melissa C. Rodriguez
Abigail V. Greene
101 Park Avenue
New York, NY 10178
Tel: (212) 309-6000
Fax: (212) 309-6001
melissa.rodriguez@morganlewis.com
abigail.greene@morganlewis.com

*Attorneys for Defendant*

Dated: November 2, 2026
New York, NY

SO ORDERED

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BABACK KERMANSHAHI<br>a/k/a/ BOB KERMANSHAHI,<br><br>Plaintiff,<br><br>-against-<br><br>AMAZON WEB SERVICES, INC.,<br><br>Defendant. | Civil Action No. 1:26-cv-03534-JAV-RFT |

I, ______________________, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential. I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation and any subsequent appeals I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

**Dated:** ____________________, 202_

______________________________ ______________________________
Name (printed) Signature

Signed in the presence of: ______________________________

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

BABACK KERMANSHAHI a/k/a BOB KERMANSHAHI,

Plaintiff,

v.

AMAZON WEB SERVICES, INC.,

Defendant.

---------------------------------------------------------X

Civil Action No.: 1:26-cv-03534

Honorable Dale E. Ho, United States District Judge

## DECLARATION OF BABACK KERMANSHAHI REGARDING USE OF GENERATIVE ARTIFICIAL INTELLIGENCE

I, Baback Kermanshahi, declaring under penalty of perjury pursuant to 28 U.S.C. § 1746, state as follows:

### Compliance with Individual Rules And Practices In Civil Cases

1. I submit this separate declaration pursuant to the Individual Rules and Practices of the Honorable Dale E. Ho to formally disclose the use of generative artificial intelligence in the preparation of my filings in this matter, and to correct a clerical error in the docket number of my prior submission.

**Scope and Purpose of AI Assistance**

2. I utilize NotebookLM and Google Workspace Business Plus. These tools serve as an essential functional accommodation for my documented disability that impacts my ability to form grammatically correct sentences and organize paragraphs (structured writing). My natural communication modality is highly factual, literal, and mechanically focused on process accuracy, frequently omitting typical conversational padding.

Furthermore, I may speak with pauses, exhibit reduced eye contact, or utilize physical self-regulation strategies—such as pacing, rocking, or shaking—to manage focus and sensory input. These actions are how my disability clinically manifests itself, particularly during situations of heavy cognitive load or sustained cognitive fatigue. I use this AI technology proactively to bridge these communication gaps, translating my strictly direct, factual thoughts into standard legal formatting, organizing my structured writing, and parsing complex court rulings and legal documents into lay terms so that I may confirm my comprehension of them.

**Data Privacy and Confidentiality**

3. The artificial intelligence utilized is not a public, free tier. It is operated under a Google Workspace Business Plus enterprise agreement. Pursuant to the provider's service agreements governing in this tier private data is not disclosed to third parties, nor is it utilized for hosting, improving, or training the provider's underlying public AI models. Therefore, the integrity and confidentiality of all submitted records in this matter are strictly maintained.

**Mandatory Certification of Review and Anti-Hallucination Measures**

4. In strict adherence to Judge Ho's Individual Rules and Practices in Civil Cases, I certify that I have reviewed the source material and verified that the artificially generated content is accurate and complies with my Rule 11 obligations. To strictly avoid AI "hallucinations" or fabricated citations, I perform multiple manual cross-checks. I have personally read, reviewed, and verified all source material, case law, citations, and factual representations generated by the artificial intelligence against primary sources. I take full responsibility for the accuracy and validity of the contents contained within my filings.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May12, 2026 via Prose@nysd.uscourts.gov.

/s/ Baback Kermanshahi

Baback Kermanshahi
Plaintiff Pro Se
110 West Dudley Avenue
Westfield, NJ 07090–4902
+1-732-213-9526
Mail.bob.k@gmail.com